UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANTHONY TRIM,

                    Plaintiff,

        v.

BURLINGTON COAT FACTORY DIRECT
CORPORATION, and BURLINGTON STORES,
INC.,

                    Defendants.

**MEMORANDUM & ORDER**
24-CV-6170 (MKB) (CHK)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Anthony Trim commenced the above-captioned action in the Supreme Court of

the State of New York, Kings County on May 3, 2024, against Defendants Burlington Coat

Factory Direct Corporation and Burlington Stores, Inc., alleging that he was seriously injured on

Defendants' premises.  (Compl. ¶¶ 22–25, annexed to Notice of Removal as Ex. A, Docket Entry

No. 1-1.)  On September 4, 2024, Defendants removed the action to this Court based on diversity

jurisdiction.[1]  (Notice of Removal ¶¶ 5–8.)  On November 20, 2025, Judge Kaminsky issued a

*sua sponte* report and recommendation recommending that the Court dismiss this action for

failure to prosecute (the "R&R").  (R&R 3, Docket Entry No. 16.)

For the reasons discussed below, the Court adopts the R&R and dismisses the action.

---

[1]  In the Notice of Removal, Defendants state that Plaintiff is a citizen of New York, Defendant Burlington Coat Factory Direct Corporation is a citizen of New Jersey and Defendant Burlington Stores, Inc. is a citizen of New Jersey and Delaware.  (Notice of Removal ¶¶ 6–8, Docket Entry No. 1.)

## I.   Background

On September 2, 2025, Defendants requested an extension of time to complete discovery citing delay because Plaintiff refused to provide medical releases in a timely manner.  (Defs.' Ltr., dated Sep. 2, 2025, Docket Entry No. 11.)  On September 9, 2025, Judge Kaminsky held a status conference in which he extended discovery, set new discovery deadlines, and directed the parties to submit joint status reports every two weeks.  (Min. Entry dated Sep. 9, 2025.)  On October 17, 2025, Defendants submitted a status report informing Judge Kaminsky "that several of Plaintiff's outstanding medical records releases had gone unexecuted and that Plaintiff had failed to appear at two separately scheduled independent medical examination appointments." (R&R 2; *see* Defs.' Oct. 17 Status Report, Docket Entry No. 14.)

On November 6, 2025, Judge Kaminsky held an in-person status conference to address the discovery issues.  (Min. Entry dated Nov. 6, 2025; *see* R&R 2.)  Plaintiff failed to appear at the conference and Judge Kaminsky issued an Order to Show Cause directing Plaintiff to show cause by November 14, 2025, as to why the case should not be dismissed for failure to prosecute. (Order to Show Cause dated Nov. 6, 2025; *see* R&R 2.)  Plaintiff failed to respond to the Order to Show Cause and, on November 20, 2025, Judge Kaminsky issued the R&R recommending that the Court dismiss this action for failure to prosecute.  (R&R 3.)

Judge Kaminsky weighed the factors set forth in *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996),[2] and determined that they all favored dismissal pursuant to Rule 41(b) of the Federal

---

[2] In *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), the court noted that "[t]he correctness of a Rule 41(b) dismissal is determined in light of five factors . . . (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

2

Rules of Civil Procedure.  (R&R 2–3.)  As a result, Judge Kaminsky recommended that the Court dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because "Plaintiff has failed to prosecute this case and to comply with a [c]ourt order."  (*Id*. at 3.)

On December 5, 2025, Plaintiff's counsel submitted a letter stating that on November 6, 2025, the parties reached an agreement to settle the matter, but Plaintiff "subsequently reneged on the agreement and refused to proceed with the previously accepted terms."[3]  (Pl.'s Ltr. dated Dec. 5, 2025, Docket Entry No. 17.)  Plaintiff's counsel informed Judge Kaminsky that they planned to move to be relieved as counsel because the "attorney-client relationship has deteriorated to the point where continued representation is no longer feasible," and requested a stay of all proceedings "or in the alternative, reasonable additional time, so that the issues surrounding counsel's withdrawal, the [P]laintiff's position, and the future handling of the matter can be addressed without prejudice to any party."  (*Id.* at 1–2.)

On December 10, 2025, Judge Kaminsky issued an order construing Plaintiff's letter as a motion to stay proceedings and granted the motion "only insofar as the Court vacates all discovery and filing deadlines" pending the resolution of the R&R.  (Order dated Dec. 10, 2025.)  In addition, Judge Kaminsky found that Plaintiff's letter "does not alter [his] recommendation [that the case be dismissed for failure to prosecute]."  (*Id.*)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge"

---

[3]  Defendants informed Judge Kaminsky that they were not aware of any settlement agreement reached in the case and "den[ied] that the parties mutually agreed to any settlement in this case at any time."  (Defs.' Ltr. dated Dec. 5, 2025, Docket Entry No. 18.)

28 U.S.C. § 636(b)(1)(C); *see Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999) (citing *id.*); *Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *Cullen*, 194 F.3d at 405).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision" *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (quoting same); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue" (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to

4

28 U.S.C. § 636(b)(1).

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure.  The Clerk of Court is directed to close this case.

Dated: March 17, 2026
   Brooklyn, New York

SO ORDERED:

          /s/ MKB    
         MARGO K. BRODIE
         United States District Judge